IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KAREN ARNOLD,** | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CV3351 |
| | ) | |
| vs. | ) | **ORDER TO SHOW CAUSE** |
| | ) | |
| **SOCIAL SECURITY ADMINISTRATION,** | ) | |
| JoAnne B. Barnhart, Commissioner, | ) | |
| | ) | |
| **Defendant .** | ) | |

This matter is before the court on the court's own motion pursuant to NECivR 41.1, which states in pertinent part: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." Further, Fed. R. Civ. P. 4(m) establishes the following time limit for service of process on the defendants in a civil case:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In this case the complaint was filed on November 9, 2004. **See** Filing No. 1. Accordingly, the deadline for service of process expired **on or about March 9, 2005**, and the court's records show no proof of service of process on the defendant. On March 1, 2005, the Clerk of Court issued three summonses at the plaintiff's request, but there is no evidence in the record that they were served. **See** Filing No. 6. Upon consideration,

**IT IS ORDERED:**

The plaintiff shall file proof of service or show cause why this case should not be dismissed for failure to effect service. Either the proof of service or showing of cause shall be filed electronically on or before the close of business **on June 10, 2005**.

Dated this 25th day of May, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge