IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN ARNOLD, ) | |
| ) | 4:04CV3351 |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| JoAnne B. Barnhart, Commissioner, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff Karen Arnold's motion for attorney fees, Filing No. 24, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2006). Pursuant to sentence four of 42 U.S.C. § 405(g), on July 14, 2006, the court entered an order and judgment reversing the Administrative Law Judge and awarding the plaintiff Social Security benefits. Filing Nos. 22, 23. On October 6, 2006, plaintiff filed a motion and brief for attorney fees with accompanying exhibits. Filing Nos. 24, 25. Plaintiff requests compensation for 23.3 hours of attorney time, for a total of $3,572.82. Defendant does not contest the award of attorney fees. Filing No. 26.

The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823

F.2d 273, 275 (8th Cir. 1987).  To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact.  *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).  The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust.  *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).

Additionally, the EAJA provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses[.]"  28 U.S.C. § 2412(d)(1)(B).  Compliance with this time limit is a mandatory jurisdictional prerequisite to an award.  *Hafner v. Sullivan*, 972 F.2d 249, 250 (8th Cir. 1992); *Olson v. Norman*, 830 F.2d 811, 821 (8th Cir. 1987).  Failure to submit the application within the thirty-day requirement bars an award under § 2412(d).  *Olson*, 830 F.2d at 821.

In sentence four cases, the filing period begins after the court enters final judgment, (either affirming, modifying, or reversing) and the appeal period has run, so that the judgment is no longer appealable.  *Pottsmith v. Barnhart*, 306 F.3d 526, 528 (8th Cir. 2002); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); 28 U.S.C. § 2412(d)(2)(G).  The remand order is the final judgment for EAJA purposes if the claimant is a prevailing party and the remand order directs the Secretary to award benefits.  *Hafner*, 972 F.2d at 250. Federal Rules of Appellate Procedure Rule 4(a) provides that where a federal officer is a party, a sixty-day period after the entry of judgment exists in which to appeal the judgment.  *See* Fed. R. App. Proc. 4(a).  The EAJA's thirty-day time limit in which to apply for fees and

costs begins once this sixty-day window in which to appeal ends. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).

The court entered judgment in this case on July 14, 2006; the parties had until September 12, 2006, to appeal; and plaintiff had until October 12, 2006, to submit an application for attorney fees under EAJA. Plaintiff filed its application for attorney fees on October 6, 2006, and is, therefore, timely. After carefully reviewing the record, and in particular, the itemized amounts set forth in Exhibit B, the court concludes the reported 23.3 hours of work spent on this case is reasonable. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed. As the court noted in its order, the ALJ's finding that plaintiff is no longer disabled is inconsistent with the record. Accordingly, the court concludes that plaintiff is a prevailing party, the defendant was not substantially justified, and an award of attorney fees in the amount of $3,572.82 is reasonable and warranted.

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees, Filing No. 24, is granted. Plaintiff is awarded attorney fees in the amount of $3,572.82.

DATED this 27th day of October, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
CHIEF UNITED STATES DISTRICT JUDGE